# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

EFFRAIN MORALES, JR., et al.,

      Plaintiffs,

v.

COUNTY OF LOS ANGELES, et al.,

      Defendants.

No. 2:26-cv-05175-JAK (AJRx)

**ORDER TO SHOW CAUSE RE SUBJECT-MATTER JURISDICTION**

1

On February 6, 2026, Efrain Morales, Jr., A.M. (by and through guardian *ad litem* Elizabeth Henares), and Elizabeth Henares (collectively, "Plaintiffs") brought this action against the County of Los Angeles ("County") and Max Orlando Fernandez (collectively, "Defendants") in the Los Angeles Superior Court. *See* Dkt. 1-2. The Complaint advances five causes of action, each of which arises under California law: (1) negligence; (2) stalking in violation of Cal. Civ. Code § 1708.7; (3) assault by a peace officer; (4) intentional infliction of emotional distress; and (5) violation of the Tom Bane Act, Cal. Civ. Code § 52.1. *Id.* ¶¶ 45–106. On May 13, 2026, the County[1] filed a Notice of Removal on the basis of federal-question jurisdiction under 28 U.S.C. §§ 1331, 1441(a), and 1446. Dkt. 1 ¶ 4.

According to the Notice of Removal, there is federal question jurisdiction because the Complaint expressly alleges that the state-law Bane Act claim "serves as an analogous state-law basis for bringing excessive/unreasonable force claims as that provided under the Fourth Amendment to the United States Constitution," and because the elements of Plaintiffs' Bane Act claim are the same those brought under 42 U.S.C. §1983. Dkt. 1 ¶ 5 (quoting Dkt. 1-2 ¶ 96). Thus, the Notice of Removal contends that Plaintiffs' Bane Act cause of action is "expressly premised on alleged violations" of the "Fourth and Fourteenth Amendments to the United States Constitution," which satisfies federal-question jurisdiction. *Id.* ¶ 4.

Except as prohibited by Congress, any civil action brought in a state court may be removed by the defendant to a federal court if, at the time of removal, there is original jurisdiction over the action. 28 U.S.C. § 1441(a). The removal statute is construed strictly; jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). A defendant

---

[1] Under 28 U.S.C. § 1446(b)(2)(A), only "defendants who have been properly joined and served" must consent to removal. At the time of removal, and the time of this Order, service has not been effected on Defendant Hernandez. Dkt. 1 ¶ 3.

seeking to remove an action bears the burden of establishing the grounds for federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004) (citing *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988)). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Accordingly, removal jurisdiction must be addressed *sua sponte*. *See WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1135 (9th Cir. 1997) (en banc).

As noted, the Notice of Removal asserts that the Plaintiff's Bane Act claim "necessarily depends on resolution of a substantial question of federal law" because it is predicated on an alleged violation of Plaintiffs' rights under the Fourth and Fourteenth Amendment of the United States Constitution. Dkt. 1 ¶ 5 (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Tr.*, 463 U.S. 1,  27–28 (1983)). Where federal law does not directly "create[]" the cause of action that provides the basis for jurisdiction, federal-question jurisdiction is satisfied only if "the plaintiff's right to relief *necessarily* depends on resolution of a *substantial* question of federal law." *See Franchise Tax Bd.*, 463 U.S. at 27–28 (emphasis added). Thus, it is well-established that "the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005) (a "state-law claim" confers federal-question jurisdiction only if the claim "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities"). That a federal statute is "invo[ked] . . . as a basis for establishing an element of a state claim does not confer federal question jurisdiction when the plaintiff also invokes a state constitutional provision or a state statute that can and does serve the same purpose." *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996). Thus, when a plaintiff's claim "can be supported by alternative and

3

independent theories—one of which is a state law theory and one of which is a federal law theory—federal question jurisdiction does not attach because federal law is not a necessary element of the claim." *Id.* at 346.

Plaintiffs' Bane Act claim does not exclusively rely on the United States Constitution or any other federal law. Rather, Plaintiffs allege that Defendant Fernandez's conduct interfered with Plaintiffs' "exercise and enjoyment of their civil rights under the laws and Constitutions of the United States *and* California" in violation of the Bane Act. Dkt. 1-2 ¶ 97 (emphasis added). Plaintiffs also cite parallel provisions of the United States and California Constitutions as the bases for their Bane Act Claim. *Id.* (citing U.S. Const. amend. IV; Cal. Const. art. I § 13; U.S. Const. amend. XIV; Cal. Const. art. I § 7(a); Cal. Const. art. I § 1).

These allegations support the conclusion that Plaintiffs' Bane Act claim may be resolved entirely on state-law grounds, which the Complaint identifies as a basis for relief that is distinct from any alleged violations of federal law. Where "alternative and independent" state-law theories exist for each of the claims asserted, there is no federal-question jurisdiction. *See Rains*, 80 F.3d at 346; *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1486 (9th Cir. 1996) ("[I]f a single state-law based theory of relief can be offered for each of the three causes of action in the complaint, then the exercise of removal jurisdiction was improper."). In similar circumstances, where the California Constitution supplied an "independent basis for" a defendant's liability "as to the [Bane Act] cause of action," other district courts have found the absence of federal-question jurisdiction because no substantial federal question was necessarily presented. *See, e.g., Est. of Gomez ex rel. Gomez v. County of San Diego*, No. 18-CV-868, 2018 WL 3154878, at *2 (S.D. Cal. June 28, 2018); *Box v. Broadway Ctr., LLC*, No. 18-CV-1978, 2018 WL 6584143, at *3 (S.D. Cal. Dec. 14, 2018).

In light of the foregoing, the County is **ORDERED TO SHOW CAUSE** why this action should not be remanded to the Los Angeles Superior Court due to a lack of

4

subject-matter jurisdiction. The County shall file any response to this Order, not to exceed ten pages, on or before June 24, 2026. Plaintiffs may also file a response to this Order to Show Cause, not to exceed ten pages, on or before June 26, 2026. Thereafter, the Order to Show Cause will be taken under submission, and a written order will issue.

**IT IS SO ORDERED.**

Dated: June 17, 2026

_____
John A. Kronstadt
United States District Judge

5