Christian Contreras, Esq. (SBN 330269)
Email: CC@Contreras-Law.com
**LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**
360 E. 2nd St., 8th Floor
Los Angeles, California 90012
Tel: (323) 435-8000

Attorneys for Plaintiffs,
EFRAIN MORALES JR., et al.

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

EFRAIN MORALES JR.., an individual; A.M., a minor by and through Guardian ad Litem Elizabeth Henares; and ELIZABETH HENARES an individual,

Plaintiffs,

v.

COUNTY OF LOS ANGELES, a public entity; DEPUTY MAX ORLANDO FERNANDEZ, an individual,

Defendants.

**CASE NO.: 2:26-cv-05175-JAK-AJR**

**FIRST AMENDED COMPLAINT FOR DAMAGES**

1. Negligence;
2. Excessive Force in Violation of the Fourth Amendment (42 U.S.C § 1983),
3. Violation of Civil Code § 1708.7, Stalking;
4. Assault by a Peace Officer;
5. Intentional Infliction of Emotional Distress;
6. Negligent Infliction of Emotional Distress; and
7. Violation of California Civil Rights Code § 52.1, Tom Bane Act
8. Municipal Liability (*Monell*, 42 U.S.C. § 1983)

**DEMAND FOR JURY TRIAL**

# INTRODUCTION

1. This is a civil rights action seeking monetary damages against Defendants COUNTY OF LOS ANGELES ("COUNTY") and DEPUTY MAX ORLANDO FERNANDEZ for an over one-year-long saga of threats, stalking, and civil rights violations against ELIZABETH HENARES, EFRAIN MORALES JR., and A.M. that began over MAX ORLANDO FERNANDEZ's unchecked and drunken fury with a loaded service firearm.

2. On June 30, 2024, MAX ORLANDO FERNANDEZ was drinking at his girlfriend's house, just three doors down from Plaintiffs ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.'s home, when his car alarm went off. EFRAIN MORALES JR. and A.M. were in their front yard, which was fenced and gated. Furious that EFRAIN MORALES JR. and A.M. witnessed the "embarrassment" of MAX ORLANDO FERNANDEZ's car alarm going off, MAX ORLANDO FERNANDEZ then used his service firearm to threaten to shoot and kill EFRAIN MORALES JR. and A.M., and unreasonably detained them simply as revenge.

3. Thereafter, and continuing to the present day, MAX ORLANDO FERNANDEZ has waged a campaign of stalking and harassment against EFRAIN MORALES JR. and A.M. and their mother ELIZABETH HENARES, which has included MAX ORLANDO FERNANDEZ showing up to their home three (3) times a week and using a vehicle to attempt to forcibly breach the gate of plaintiffs ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.'s home.

4. Plaintiffs now bring this civil rights action to remedy these egregious violations of their civil rights. Plaintiffs ELIZABETH HENARES, EFRAIN MORALES JR. and A.M. have been subject to significant psychological pain and mental distress as a result of these continuing breaches of their civil rights.

5. Accordingly, this civil rights lawsuit seeks to redress the violation of civil rights, hold DEPUTY MAX ORLANDO FERNANDEZ and COUNTY accountable.

///

## JURISDICTION and VENUE

6. This action is brought pursuant to 42 U.S.C. §§ 1983, and the Fourteenth Amendment to the United States Constitution, and the laws and Constitution of the State of California. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

7. This Court has the authority to grant the requested declaratory relief pursuant to 28 U.S.C. §§ 2201, as well as Federal Rules of Civil Procedure 57, including pursuant to the Court's inherent equitable powers.

8. Venue is proper within the Central District of California pursuant to 28 U.S.C. § 1391(b)(1) and (2) because all Defendants reside within this district and the events and omissions giving rise to Plaintiff's claims occurred within this district.

9. On November 8, 2024, Plaintiffs presented a Tort Claim to Defendant COUNTY. On August 6, 2025, Defendant COUNTY rejected Plaintiffs' Tort Claim. Plaintiffs first brought this action on February 6, 2026, which is within six months of the tort claim rejection. Accordingly, Plaintiffs have complied with the California Tort Claims Act requirements with respect to their claims arising under state law.

10. This matter has now been removed to the Central District of California pursuant to Defendant's Notice of Removal filed on May 13, 2026.

11. With respect to the supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## PARTIES

12. Plaintiff EFRAIN MORALES JR. is and was, at all times relevant hereto, a resident of the County of Los Angeles, California. Plaintiff EFRAIN MORALES JR. also brings these claims as a Private Attorney General, to vindicate not only his rights, but others' civil rights of great importance. At all relevant times, Plaintiff EFRAIN MORALES JR.'s harm occurred in the County of Los Angeles, State of California.

13. Plaintiff A.M., by and through Guardian ad Litem Elizabeth Henares, is and was, at all times relevant hereto, a resident of the County of Los Angeles, California. Plaintiff A.M. also brings these claims as a Private Attorney General, to vindicate not only his rights, but others' civil rights of great importance. Plaintiff A.M. also brings these claims as a Private Attorney General, to vindicate not only his rights, but others' civil rights of great importance. At all relevant times, Plaintiff A.M.'s harm occurred in the County of Los Angeles, State of California.

14. Plaintiff ELIZABETH HENARES is and was, at all times relevant hereto, a resident of the County of Los Angeles, California. Plaintiff ELIZABETH HENARES also brings these claims as a Private Attorney General, to vindicate not only her rights, but others' civil rights of great importance. At all relevant times, Plaintiff ELIZABETH HENARES's harm occurred in the County of Los Angeles, State of California.

15. Defendant COUNTY OF LOS ANGELES is a public entity with the capacity to sue and be sued. At all relevant times, the Los Angeles Sheriff's Department (hereinafter, "LASD") was responsible for law enforcement services in the COUNTY OF LOS ANGELES. At all times relevant to the facts alleged herein, Defendant COUNTY OF LOS ANGELES is and was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees complied with the laws and the Constitutions of the United States and of the State of California.

16. Defendant DEPUTY MAX ORLANDO FERNANDEZ was an employee of LASD at all relevant times. At all relevant times, Defendant DEPUTY MAX ORLANDO FERNANDEZ was acting under color of law.

17. Each of the defendants caused, and is responsible for, the deliberate violation of Plaintiffs' rights, among other things, personally participating in the unlawful conduct, acting jointly, or conspiring with others who did so; by ordering, authorizing, acquiescing in, or setting in motion policies, plans, or actions that led to the unlawful conduct, by failing to take action to prevent the unlawful conduct; by failing and refusing to initiate and maintain adequate training and supervision; and by

ratifying the unlawful conduct that occurred by agents and deputies under their direction and control, including failing to take remedial or disciplinary action.

18. Plaintiffs are informed and believe and thereon allege that each of the Defendants was, at all material times, an agent, servant, employee, partner, joint venturer, co-conspirator, and/or alter ego of the remaining Defendants, and in doing the things herein alleged, was acting within the course and scope of that relationship. Plaintiffs are further informed and believe and thereon allege that each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each Defendant as alleged herein, except as may be hereinafter specifically alleged. At all material times, each Defendant was jointly engaged in tortious activity and an integral participant in the conduct described herein, resulting in the Plaintiffs' harm.

19. Plaintiffs are informed and believe and thereon allege that at all times relevant hereto, Defendants, and each of them, acted as the agents, servants, and employees of each of the other defendants.

20. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted within the course and scope of their employment.

21. In doing each of the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under the color of law.

## **FACTUAL ALLEGATIONS**

22. Plaintiffs ELIZABETH HENARES, EFRAIN MORALES JR. and A.M. have been tormented for over a year by Deputy MAX ORLANDO FERNANDEZ, who has threatened, stalked, and harassed them with no end in sight.

23. Deputy MAX ORLANDO FERNANDEZ is not the average deputy. MAX ORLANDO FERNANDEZ has put in an incredible amount of legwork to have been chosen as 2015’s Deputy of the Year. MAX ORLANDO FERNANDEZ is a known perjurer, willing to lie on oath; a *founding* member of the Compton Gladiators deputy gang; has been subpoenaed for the dubious honor of having been a “rogue

sheriff's deputy"; and the killer of an unarmed Black man who MAX ORLANDO FERNANDEZ attempted to claim had a gun.

24. MAX ORLANDO FERNANDEZ's illustrious history of abusing civilians dates back over twenty (20) years. MAX ORLANDO FERNANDEZ began his LASD career in the brutal Men's Central Jail, working in one of the most infamously violent jails in the nation. By 2003, MAX ORLANDO FERNANDEZ was a two-year veteran of the LASD force, eager to prove himself and rule Compton with an iron fist, a badge, and a gun. In one of the earliest examples of MAX ORLANDO FERNANDEZ's talent for lying and using excessive force, MAX ORLANDO FERNANDEZ shot and killed 27-year-old Brice Everett Ross, an unarmed Black man. MAX ORLANDO FERNANDEZ claimed Ross had pulled a gun on MAX ORLANDO FERNANDEZ. Evidence found that not only was Ross unarmed, MAX ORLANDO FERNANDEZ had shot Ross in the back repeatedly as Ross was turned away.

25. Around the same time, MAX ORLANDO FERNANDEZ was working on his artistic skill. By his own admission, MAX ORLANDO FERNANDEZ "drew a picture of a warrior in the early 2000s." That warrior picture is today widely recognized as the symbol of the Gladiators deputy gang, a deputy gang based out of the Compton station. MAX ORLANDO FERNANDEZ is not only a Compton Gladiator, but one of its founding members; MAX ORLANDO FERNANDEZ has admitted on the stand to being tattooed with this infamous logo, but refuses to disclose where. Shown below is MAX ORLAND FERNANDEZ's original, signed illustration and an example of its use as a deputy gang tattoo. This infamous group maintains a cutthroat rivalry with the Compton Executioners, an infamous fellow deputy gang connected to numerous "998s"–deputy-involved shootings.



A "Gladiator" tattoo on an employee with the Los Angeles County Sheriff's Department. (Keri Blakinger / Los Angeles Times)



26. MAX ORLANDO FERNANDEZ claimed that this "warrior" was used as the mascot for one of the Compton station teams in the Baker to Vegas race, a police marathon race through Southern California into Nevada. Why a single-use race mascot would continue to be tattooed by deputies over twenty years later, including MAX ORLANDO FERNANDEZ, is baffling. The Baker to Vegas race in and of itself has been used as a tool to celebrate LASD brutality against innocent civilians–the 2025 race was boycotted by LASD in support of Trevor Kirk, a deputy recently convicted of brutally beating an elderly woman, and of violating the elderly woman's civil rights in the excessive use of force incident. Even taking MAX ORLANDO FERNANDEZ's claims at face value, this mascot only highlights the violent truth behind MAX ORLANDO FERNANDEZ's "warrior" image.

27. In between shooting civilians and illustrating for gangs, MAX ORLANDO FERNANDEZ was also busy perjuring and giving false testimony. In 2004, MAX ORLANDO FERNANDEZ gave deliberately false testimony regarding a criminal investigation into a Compton shooting in *People v. Aquino*, where MAX ORLANDO FERNANDEZ claimed to have physical evidence against the defendant

that did not exist. The court declared that "there was no question that Fernandez's testimony regarding this matter was false,", and "the testimony was deliberate and no slip of the tongue, and helpful to the prosecution" and also that the testimony was intentionally falsified per the definition set under Penal Code section 1473. *See People v. Aquino*, 2005 WL 3086694 at *3, *4 (Cal. Ct. App. Nov. 2005). Despite this finding, MAX ORLANDO FERNANDEZ continues to claim that he has "never lied on the stand."

28. At various points in his career, MAX ORLANDO FERNANDEZ claimed to be part of a "sex crimes detail." While this claim by MAX ORLANDO FERNANDEZ was never substantiated, MAX ORLANDO FERNANDEZ has demonstrated a fixation with the sexual matters of LGBTQ individuals. MAX ORLANDO FERNANDEZ has been criticized for putting LGBTQ individuals' sexual orientations on search warrants unrelated to sexual matters–a simple calling card for homophobic hate crimes.

29. MAX ORLANDO FERNANDEZ is ambitious and has aimed ever upwards. MAX ORLANDO FERNANDEZ sidled up to then-Sheriff candidate Alex Villanueva during Villanueva's own meteoric rise to the top of LASD. MAX ORLANDO FERNANDEZ was then hand-picked by then-Sheriff Alex Villanueva to be Villanueva's right-hand man upon his 2018 election, becoming a founding member of Villanueva's personal enforcement arm, the Civil Rights and Public Corruption Detail.

30. MAX ORLANDO FERNANDEZ was a key member of the Civil Rights and Public Corruption Detail (also called the Civil Rights and Public Integrity Detail, hereinafter "CRPCD") alongside Mark Lillenfeld—an infamous deputy in his own right. CRPCD grew over time from two (2) to ten (10) members, with MAX ORLANDO FERNANDEZ there from its inception. MAX ORLANDO FERNANDEZ was de facto Alex Villanueva's right-hand man, and MAX ORLANDO FERNANDEZ gladly went after Villanueva's opponents.

31. MAX ORLANDO FERNANDEZ was "subpoenaed because of his actions as a rogue sheriff's deputy" by the Los Angeles County Sheriff Civilian Oversight Committee. Ever used to bullying his way into or out of anything so chosen, MAX ORLANDO FERNANDEZ in turn 2025 directed the Office of the City Counsel to conduct an investigation into Sean Kennedy, a Loyola Law School Professor who was then serving as the chairman of the Los Angeles County Sheriff Civilian Oversight Committee, for "retaliating" against MAX ORLANDO FERNANDEZ. The retaliation in question was Kennedy, on the stand and under oath, questioning MAX ORLANDO FERNANDEZ about CRPCD on behalf of the Civilian Oversight Committee.

32. Accustomed to getting his way and leaving an unpunished trail of carnage, lies, and quashed critics in his wake for over twenty years, MAX ORLANDO FERNANDEZ was emboldened to commit the violence which MAX ORLANDO FERNANDEZ attempted to commit against two youth: nineteen (19) year old EFRAIN MORALES JR. and thirteen (13) year old A.M., the present plaintiffs.

33. On June 30, 2024, EFRAIN MORALES JR. and A.M. were playing inside their home in Los Angeles.

34. EFRAIN MORALES JR. and A.M. heard a car alarm go off out front and wanted to check what was happening. EFRAIN MORALES JR. and A.M. exited their house into their front yard, which was surrounded by a locked five (5) foot tall gate, to get a better view of which car had its alarm go off. EFRAIN MORALES JR. and A.M. were simply curious as to what was going on.

35. At no point did EFRAIN MORALES JR. or A.M. leave their property, open the gate, attempt to or make contact with MAX ORLANDO FERNANDEZ's vehicle, or do anything to tamper with the vehicle. Nor could they have, being surrounded by an approximately five (5) foot tall gate and bordered by an approximately ten (10) foot tall shrub in parts. EFRAIN MORALES JR. and A.M. simply looked from their front yard. EFRAIN MORALES JR. and A.M.'s home security camera confirms this.

36. MAX ORLANDO FERNANDEZ, seeing the two brothers, drew his firearm and aimed it directly at EFRAIN MORALES JR. and A.M. MAX ORLANDO FERNANDEZ ordered EFRAIN MORALES JR. and A.M. to put their hands over their heads and come towards him. Accordingly, EFRAIN MORALES JR. and A.M. put their hands over their heads and came towards MAX ORLANDO FERNANDEZ.

37. MAX ORLANDO FERNANDEZ unlocked the gate and entered EFRAIN MORALES JR. and A.M.'s family property without permission, in direct violation of their Fourth Amendment rights against entry without consent or warrant.

38. MAX ORLANDO FERNANDEZ continued threatening EFRAIN MORALES JR. and A.M., promising to shoot and kill them.

39. Upon information and belief, MAX ORLANDO FERNANDEZ yelled at and threatened EFRAIN MORALES JR. and A.M. for some time before leaving.

40. Thereafter, EFRAIN MORALES JR. and A.M.'s mother ELIZABETH HENARES attempted to make a police report about this terrifying abuse of force against her two children. ELIZABETH HENARES contacted the LASD East Los Angeles Station, where she was given report number ELA 24182-0260. Deputies M. CORONA #613752 and D. BARRAGAN #614431 signed the report information brochure ELIZABETH HENARES was given, as shown below.



41. After nearly two months went by with no answer from LASD, EFRAIN MORALES JR. and A.M.'s counsel contacted LASD. LASD informed Counsel that a proper LASD report should be of fourteen (14) digits, and that there were no records matching the nine (9) digit sequence given to ELIZABETH HENARES.

42. Upon information and belief, the report ELIZABETH HENARES attempted to file was never filed. Worse, ELIZABETH HENARES was given false information in a deliberate bid to prevent her from being able to timely file on behalf of her two children EFRAIN MORALES JR. and A.M.

43. MAX ORLANDO FERNANDEZ has continued to stalk and harass ELIZABETH HENARES, EFRAIN MORALES JR. and A.M. MAX ORLANDO FERNANDEZ has come by ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.'s house no less than *three (3) times a week* for over the last year, parking MAX ORLANDO FERNANDEZ's vehicle next to ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.'s home in a continued effort to menace ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.

44. The following image shows a LASD patrol vehicle parked by MAX ORLANDO FERNANDEZ outside of ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.'s home.



45. On at least one occasion over the last year, MAX ORLANDO FERNANDEZ attempted to enter ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.'s home and/or vehicle, including MAX ORLANDO FERNANDEZ using a vehicle to attempt to gain entry into ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.'s property.

46. Clearly, the actions taken by the Defendant was a threat against ELIZABETH HENARES, EFRAIN MORALES JR. and A.M. to stay silent about this vicious attack.

47. Accordingly, this case seeks justice for two young brothers irreparably traumatized by the threat of death by police shooting and the continued stalking of their family by a man, MAX ORLANDO FERNANDEZ, long recognized as "a rogue sheriff's deputy."

**<u>FIRST CLAIM FOR RELIEF</u>**

**Negligence**

**By Plaintiffs ELIZABETH HENARES, EFRAIN MORALES JR. and A.M. Against Defendants MAX ORLANDO FERNANDEZ and the COUNTY OF LOS ANGELES**

48. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

49. The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under § 820, as a public employee, the individual Defendant MAX ORLANDO FERNANDEZ, is liable for injuries caused by their acts or omissions to the same extent as a private person. Under § 815.2, the defendant public entity, COUNTY OF LOS ANGELES, is vicariously liable for injuries caused by the acts or omissions of its employees, deputies, and agents, committed within the course and scope of that employment, including Defendant MAX ORLANDO FERNANDEZ. This cause of action is not alleging direct liability against Defendant COUNTY OF LOS ANGELES, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v.*

*County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

50. Plaintiffs claim that Defendant MAX ORLANDO FERNANDEZ was negligent when threatening to use deadly force on EFRAIN MORALES JR. and A.M.

51. Defendant MAX ORLANDO FERNANDEZ owed EFRAIN MORALES JR. and A.M. a duty of care.

52. Such duty of care owed to EFRAIN MORALES JR. and A.M. required Defendant MAX ORLANDO FERNANDEZ to exercise reasonable care in the use or threat of deadly force. Indeed, such duty of care required Defendant MAX ORLANDO FERNANDEZ to refrain from the use of deadly force unless objectively necessary to defend human life, to use reasonable tactics and to use reasonable decision-making ahead of each such resort to deadly force. *See* Cal. Pen. Code § 835a; *Hayes v. County of San Diego* (2013) 57 Cal. 4th 622, 628–29.

53. Defendant MAX ORLANDO FERNANDEZ breached one or more of such duties owed to EFRAIN MORALES JR. and A.M. by threatening deadly force unnecessarily, using unreasonable tactics and negligent decision-making, when MAX ORLANDO FERNANDEZ threatened to shoot and kill EFRAIN MORALES JR. and A.M.

54. Moreover, Defendant MAX ORLANDO FERNANDEZ did not make reasonable efforts to warn of deadly force or deescalate the situation prior to the use of deadly force.

55. Indeed, Defendant MAX ORLANDO FERNANDEZ further breached their duty of care because the threat of use of deadly force on EFRAIN MORALES JR. and A.M. was not necessary to defend human life given that EFRAIN MORALES JR. and A.M. was not a threat in any form. Indeed, EFRAIN MORALES JR. and A.M. were unarmed teenagers in their gated front yard and did not have the present opportunity, ability, nor apparent intent to constitute an imminent threat of death or serious bodily injury.

///

56. Each such breach of duty of care was a substantial factor in causing harm to EFRAIN MORALES JR. and A.M. because the unreasonable tactics, decisions, and threats directly contributed thereto, EFRAIN MORALES JR. and A.M.'s harm.

57. Due to the actions of Defendant MAX ORLANDO FERNANDEZ, EFRAIN MORALES JR. and A.M. suffered severe mental and emotional anguish and such damages are recoverable by them.

58. In terms of Plaintiffs ELIZABETH HENARES, EFRAIN MORALES JR. and A.M., Defendant MAX ORLANDO FERNANDEZ owed them a duty of care to not unduly harass, stalk, and unreasonably interfere with their lives. Defendant MAX ORLANDO FERNANDEZ breached that duty of care by continuing to harass, stalk, and unreasonably interfere with ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.'s lives.

59. Due to the actions of Defendant MAX ORLANDO FERNANDEZ, ELIZABETH HENARES, EFRAIN MORALES JR. and A.M. suffered severe mental and emotional anguish and such damages are recoverable by them.

60. Defendant COUNTY OF LOS ANGELES is vicariously liable for the wrongful acts of Defendant MAX ORLANDO FERNANDEZ pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

61. Accordingly, the Plaintiffs are entitled to recover punitive damages and compensatory damages.

## **<u>SECOND CLAIM FOR RELIEF</u>**

**Excessive Force in Violation of the Fourth Amendment**

**(42 U.S.C § 1983)**

**(By Plaintiffs ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.**

**Against Defendant MAX ORLANDO FERNANDEZ.**

62. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

63. The Fourth Amendment to the Constitution provides in part, "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures, shall not be violated . . ." U.S. Const. amend. IV. Under the Fourth Amendment, a police officer may use only such force as is "objectively reasonable" under all of the circumstances. *See Graham v. Connor,* 490 U.S. 386, 397 (1989).

64. At all relevant times, Defendant MAX ORLANDO FERNANDEZ was acting under color of law.

65. On June 30, 2024, MAX ORLANDO FERNANDEZ brandished a gun, forced entry into the private home of ELIZABETH HENARES, EFRAIN MORALES JR., and A.M., and threatened to shoot and kill EFRAIN MORALES JR. and A.M.

66. This threat of the use of deadly force on EFRAIN MORALES JR. and A.M violated EFRAIN MORALES JR. and A.M's Fourth Amendment rights because EFRAIN MORALES JR. and A.M were not an imminent threat of death or serious bodily injury given that neither of them were not in possession of a weapon, including a firearm. Therefore, they was not a threat of death or serious bodily injury in any form.

67. In fact, EFRAIN MORALES JR. and A.M's were not a threat whatsoever because EFRAIN MORALES JR. and A.M's were not engaging in any assaultive behavior towards Defendant MAX ORLANDO FERNANDEZ nor any other person.

68. Accordingly, under the totality of the circumstances, Defendant's threat of use of deadly force on EFRAIN MORALES JR. and A.M was not objectively reasonable and was in violation of EFRAIN MORALES JR. and A.M's Fourth Amendment rights.

///

///

///

///

**<u>THIRD CLAIM FOR RELIEF</u>**

**Stalking**

**(Cal. Civ. Code § 1708.7)**

**By Plaintiffs ELIZABETH HENARES, EFRAIN MORALES JR. and A.M. Against Defendants MAX ORLANDO FERNANDEZ and the COUNTY OF LOS ANGELES**

69. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

70. The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under § 820, as a public employee, the individual Defendant MAX ORLANDO FERNANDEZ, is liable for injuries caused by their acts or omissions to the same extent as a private person. Under § 815.2, the defendant public entity, COUNTY OF LOS ANGELES, is vicariously liable for injuries caused by the acts or omissions of its employees, deputies, and agents, committed within the course and scope of that employment, including Defendant MAX ORLANDO FERNANDEZ. This cause of action is not alleging direct liability against Defendant COUNTY OF LOS ANGELES, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

71. Plaintiffs claim that Defendant MAX ORLANDO FERNANDEZ has violated Cal. Civil Code § 1708.7 by engaging in a pattern of stalking behavior against ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.

72. Defendant MAX ORLANDO FERNANDEZ began his pattern of stalking behavior on the initial June 30, 2024 incident, wherein MAX ORLANDO FERNANDEZ brandished a gun, forced entry into the private home of ELIZABETH HENARES, EFRAIN MORALES JR., and A.M., and threatened to shoot and kill EFRAIN MORALES JR. and A.M.

73. MAX ORLANDO FERNANDEZ has continued this pattern of stalking behavior by coming by ELIZABETH HENARES, EFRAIN MORALES JR., and

A.M.'s home no less than three (3) times a week for over a year; parking MAX ORLANDO FERNANDEZ's vehicle next to ELIZABETH HENARES, EFRAIN MORALES JR., and A.M.'s home to make his presence clearly known; and on various occasions attempting to reenter ELIZABETH HENARES, EFRAIN MORALES JR., and A.M.'s home, including using a vehicle to do so.

74. Thus, Defendant MAX ORLANDO FERNANDEZ engaged in a pattern of conduct intended to follow, alarm, place under surveillance, and harass Plaintiffs ELIZABETH HENARES, EFRAIN MORALES JR., and A.M.

75. As a result of this pattern of conduct, Plaintiff ELIZABETH HENARES has and continues to reasonably fear for both her own safety and that of her two children, EFRAIN MORALES JR. and A.M.

76. As a result of this pattern of conduct, Plaintiff EFRAIN MORALES JR. has and continues to reasonably fear for both his own safety and that of his mother, ELIZABETH HENARES, and his young brother A.M.

77. As a result of this pattern of conduct, Plaintiff A.M. has and continues to reasonably fear for both his own safety and that of his mother, ELIZABETH HENARES, and his older brother EFRAIN MORALES JR.

78. Additionally, as a result of this pattern of conduct, Plaintiff ELIZABETH HENARES has and continues to suffer from substantial emotional distress, including fear, anxiety, stress, and trauma.

79. As a result of this pattern of conduct, Plaintiff EFRAIN MORALES JR. has and continues to suffer from substantial emotional distress, including fear, anxiety, stress, and trauma.

80. As a result of this pattern of conduct, Plaintiff A.M. has and continues to suffer from substantial emotional distress, including fear, anxiety, stress, and trauma.

81. Defendant MAX ORLANDO FERNANDEZ made and continues to make such threats, backed by the credibility of his employment at LASD and easy access to firearms and other means necessary to carry out his threats against EFRAIN

MORALES JR. and A.M., with the clear intent to place EFRAIN MORALES JR. and A.M. in fear for their lives and ELIZABETH HENARES in fear of the lives of her two beloved sons.

82. Furthermore, Defendant MAX ORLANDO FERNANDEZ has repeatedly and throughout the course of his stalking behavior demonstrated reckless disregard for the safety of EFRAIN MORALES JR. and A.M., including by attempting to force entry into their property using his vehicle.

83. Plaintiffs ELIZABETH HENARES, EFRAIN MORALES JR. and A.M. clearly and definitively demanded that MAX ORLANDO FERNANDEZ cease this pattern of stalking behavior when ELIZABETH HENARES attempted to file the LASD report in which she was given a false report number. Despite this, Defendant MAX ORLANDO FERNANDEZ has continued his pattern of stalking behavior.

84. Defendant COUNTY OF LOS ANGELES is vicariously liable for the wrongful acts of Defendant MAX ORLANDO FERNANDEZ pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

85. Accordingly, the Plaintiffs are entitled to recover punitive damages and compensatory damages.

**<u>FOURTH CLAIM FOR RELIEF</u>**

**Assault by Peace Officer**

**By Plaintiffs EFRAIN MORALES JR. and A.M.**

**Against Defendants MAX ORLANDO FERNANDEZ and the COUNTY OF LOS ANGELES**

86. Plaintiffs reallege and incorporate herein by reference each of the preceding paragraphs of this complaint, and any subsequent paragraphs.

87. The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under § 820, as a public employee, the individual Defendant MAX

ORLANDO FERNANDEZ, is liable for injuries caused by their acts or omissions to the same extent as a private person. Under § 815.2, the defendant public entity, COUNTY OF LOS ANGELES, is vicariously liable for injuries caused by the acts or omissions of its employees, deputies, and agents, committed within the course and scope of that employment, including Defendant MAX ORLANDO FERNANDEZ. This cause of action is not alleging direct liability against Defendant COUNTY OF LOS ANGELES, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

88. By virtue of the foregoing, Defendant MAX ORLANDO FERNANDEZ assaulted EFRAIN MORALES JR. and A.M., as pleaded herein above, by and through threats of violence and unreasonable detention against EFRAIN MORALES JR. and A.M. in their own home.

89. Defendant MAX ORLANDO FERNANDEZ assaulted EFRAIN MORALES JR. and A.M., as pleaded herein above, when said Defendants acted intentionally to threaten said non-consensual, unprivileged, unjustified, excessive, harmful or offensive contact to the persons of EFRAIN MORALES JR. and A.M. by unreasonably and unjustly threatening to use MAX ORLANDO FERNANDEZ's service firearm to shoot and kill EFRAIN MORALES JR. and A.M. in their own home.

90. These acts were undertaken by Defendant MAX ORLANDO FERNANDEZ, intentionally and without justification.

91. As a result of these deliberate and unjustified acts undertaken by Defendant MAX ORLANDO FERNANDEZ, EFRAIN MORALES JR. and A.M. endured great mental and emotional pain and suffering.

92. These deliberate and unjustified acts undertaken by Defendant MAX ORLANDO FERNANDEZ, were willful and done with a deliberate disregard for the rights and safety of Plaintiffs and, therefore, warrant the imposition of punitive damages as to these Defendants.

///

93. Defendant COUNTY OF LOS ANGELES is vicariously liable for the wrongful acts of Defendant MAX ORLANDO FERNANDEZ pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

94. Accordingly, the Plaintiffs are entitled to recover punitive damages and compensatory damages.

**FIFTH CLAIM FOR RELIEF**

**Intentional Infliction of Emotional Distress**

**By Plaintiffs EFRAIN MORALES JR. and A.M.**

**Against Defendants MAX ORLANDO FERNANDEZ and the COUNTY OF LOS ANGELES**

95. Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

96. The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as a public employee, defendant MAX ORLANDO FERNANDEZ is liable for injuries caused by his acts or omissions to the same extent as private persons. Under Section 815.2 of the Government Code, Defendant COUNTY is liable for injuries caused by the acts or omissions of its employees, agents, and/or deputies committed within the course and scope of their employment. This claim for relief is not alleging direct liability against Defendant COUNTY, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

97. Plaintiffs EFRAIN MORALES JR. and A.M. claim that Defendant MAX ORLANDO FERNANDEZ intentionally caused them to suffer severe emotional distress.

98. Defendant MAX ORLANDO FERNANDEZ’s conduct towards EFRAIN MORALES JR. and A.M. was a flagrant disregard of his oath as a sworn peace officer

and an unwarranted abuse of power against two teenagers. Threatening to shoot and kill two teenagers who had done absolutely nothing illegal or questionable far exceeds the bounds of decent or civilized behavior. Therefore, Defendant MAX ORLANDO FERNANDEZ's conduct towards EFRAIN MORALES JR. and A.M. was extreme and outrageous.

99. Defendant MAX ORLANDO FERNANDEZ acted, at the very least, with reckless disregard of the probability that EFRAIN MORALES J.R. and A.M. would suffer severe emotional distress as a result. However, Defendant MAX ORLANDO FERNANDEZ specifically intended to cause EFRAIN MORALES J.R. and A.M. severe emotional distress given the grievous nature of his actions.

100. The violent threats, forced detention, and subsequent stalking EFRAIN MORALES JR. and A.M. suffered at the hands of Defendant MAX ORLANDO FERNANDEZ substantially caused both EFRAIN MORALES J.R. and A.M.'s mental anguish and emotional injuries. As a direct consequence of these injuries, EFRAIN MORALES J.R. and A.M. has suffered and continues to suffer severe mental and emotional anguish, humiliation, and despair.

101. Furthermore, Defendant MAX ORLANDO FERNANDEZ acted with willful and conscious disregard for the rights and wellbeing of EFRAIN MORALES J.R. and A.M., thereby subjecting them to cruel and unjust hardship.

102. Defendant COUNTY OF LOS ANGELES is vicariously liable for the wrongful acts of Defendant MAX ORLANDO FERNANDEZ pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

103. Accordingly, the Plaintiffs are entitled to recover punitive damages and compensatory damages.

///

///

**SIXTH CLAIM FOR RELIEF**

**Negligent Infliction of Emotional Distress**

**By Plaintiffs EFRAIN MORALES JR. and A.M.**

**Against Defendants MAX ORLANDO FERNANDEZ and the COUNTY OF LOS ANGELES**

104. Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

105. The present cause of action is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under § 820, as a public employee, the individual Defendant MAX ORLANDO FERNANDEZ, is liable for injuries caused by their acts or omissions to the same extent as a private person. Under § 815.2, the defendant public entity, COUNTY OF LOS ANGELES, is vicariously liable for injuries caused by the acts or omissions of its employees, deputies, and agents, committed within the course and scope of that employment, including Defendant MAX ORLANDO FERNANDEZ. This cause of action is not alleging direct liability against Defendant COUNTY OF LOS ANGELES, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

///

106. As previously set forth, Defendant MAX ORLANDO FERNANDEZ negligently caused ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.'s harms when he threatened, harassed, and stalked EFRAIN MORALES JR. and A.M.

107. Plaintiffs EFRAIN MORALES JR. and A.M. were present and actively threatened by MAX ORLANDO FERNANDEZ, and ELIZABETH HENARES, as the mother of two then-teenage boys, was as a result affected by the threats against the lives of her sons.

108. Further, ELIZABETH HENARES, EFRAIN MORALES JR. and A.M., and each of them, have been present for and directly affected by the stalking and harassment targeted at them and their family home.

109. As a direct result of the threats, harassment, and stalking, Plaintiffs have suffered and continue to suffer severe mental and emotional distress and trauma.

110. The actions or omissions of Defendant MAX ORLANDO FERNANDEZ were a substantial factor in causing Plaintiffs' emotional distress insomuch as MAX ORLANDO FERNANDEZ has been the direct cause of all harms against ELIZABETH HENARES, EFRAIN MORALES JR. and A.M.

111. Accordingly, Plaintiffs are entitled to compensatory damages due to the aforementioned manners in which the severe emotional and mental distress caused by the threats against EFRAIN MORALES JR. and A.M. and the continued stalking of all Plaintiffs.

112. Defendant COUNTY OF LOS ANGELES is vicariously liable for the wrongful acts of Defendant MAX ORLANDO FERNANDEZ pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

113. Accordingly, the Plaintiffs are entitled to recover punitive damages and compensatory damages.

**SEVENTH CLAIM FOR RELIEF**

**Violation of the Tom Bane Act**

**(Cal. Civ. Code § 52.1)**

**By Plaintiffs EFRAIN MORALES JR. and A.M.**

**Against Defendants MAX ORLANDO FERNANDEZ and the COUNTY OF LOS ANGELES**

114. Plaintiffs reallege and incorporate by reference each of the forgoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

115. The present claim for relief is brought pursuant to Cal. Gov. Code §§ 815.2 and 820. Under Section 820 of the Government Code, as a public employee, defendant MAX ORLANDO FERNANDEZ is liable for injuries caused by his acts or

omissions to the same extent as private persons. Under Section 815.2 of the Government Code, Defendant COUNTY is liable for injuries caused by the acts or omissions of its employees, agents, and/or deputies committed within the course and scope of their employment. This claim for relief is not alleging direct liability against Defendant COUNTY, only vicarious liability. *See* Cal. Gov. Code § 815.2(a-b); *Zelig v. County of Los Angeles* (2002) 27 Cal.4th 1112, 1128.

116. Additionally, Cal. Civ. Code § 52.1(b) authorizes a private right of action for damages by any person whose constitutional rights are violated by use of threats, intimidation, or coercion. Importantly, Section 52.1 serves as an analogous state-law basis for bringing excessive/unreasonable force claims as that provided under the Fourth Amendment to the United States Constitution. *See Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-6 (9th Cir. 2014) (citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983.")); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when accompanied by unnecessary, deliberate, and excessive force—is [] within the protection of the Bane Act").

117. As previously set forth, Defendant MAX ORLANDO FERNANDEZ intentionally threatened to use unnecessary, unreasonable, and deadly force against to harass and unreasonably detain EFRAIN MORALES JR. and A.M., thereby interfering with EFRAIN MORALES J.R. and A.M.'s exercise and enjoyment of their civil rights under the laws and Constitutions of the United States and California, including but not limited to the rights to be free from unreasonable seizure and excessive force (U.S. Const. amend. IV; and Cal. Const. Art. I § 13), the right to due process (U.S. Const. amend. XIV; and Cal. Const. Art. I § 7(a)), and the right to protection from undue restraint and/or harm to life, liberty, and property (Cal. Const. Art. I § 1).

118. From the moment Defendant MAX ORLANDO FERNANDEZ first confronted EFRAIN MORALES J.R. and A.M., Defendant MAX ORLANDO FERNANDEZ exhibited baseless hostility and a determined contempt for the lives and

wellbeing of EFRAIN MORALES J.R. and A.M. Defendant MAX ORLANDO FERNANDEZ has absolutely zero reverence for the value of EFRAIN MORALES J.R. and A.M.'s lives.

119. The threats, intimidation, and coercion employed Defendant MAX ORLANDO FERNANDEZ in threatening to shoot and kill EFRAIN MORALES J.R. and A.M. out of simple anger, while deadly force otherwise remained unnecessary and unreasonable, reflect a clear and specific intent to deprive EFRAIN MORALES J.R. and A.M. of the aforementioned rights and liberties, and/or a reckless disregard for substantial risks of violations thereof.

120. Clearly, Defendant MAX ORLANDO FERNANDEZ acted with the specific intent to interfere, or attempt to interfere, with EFRAIN MORALES J.R. and A.M.'s rights to be free from unreasonable seizures through threats, intimidation, and coercion, and their rights to be free from excessive force.

121. The actions and omissions of Defendant MAX ORLANDO FERNANDEZ was a substantial factor in causing EFRAIN MORALES J.R. and A.M.'s harms, as, but for the threatened use of force against EFRAIN MORALES J.R. and A.M. by Defendant MAX ORLANDO FERNANDEZ, EFRAIN MORALES J.R. and A.M.'s harms would have been prevented.

122. Therefore, as a direct and proximate result of Defendant MAX ORLANDO FERNANDEZ's conduct, EFRAIN MORALES J.R. and A.M. suffered severe mental and emotional distress and anguish, for which they are entitled to compensation.

123. Furthermore, as set forth herein, Defendant MAX ORLANDO FERNANDEZ acted with willful and conscious disregard for the rights and wellbeing of EFRAIN MORALES J.R. and A.M., thereby subjecting them to cruel and unjust hardship. Accordingly, the actions and omissions of Defendant MAX ORLANDO FERNANDEZ were malicious and oppressive under the meaning of Cal. Civ. Code §

3294, entitling Plaintiffs to recover punitive as well as compensatory damages in order to deter future misconduct by the example of Defendants' punishment.

124. Defendant COUNTY OF LOS ANGELES is vicariously liable for the wrongful acts of Defendant MAX ORLANDO FERNANDEZ pursuant to sections 815.2(a) and 820 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

125. Accordingly, the actions and omissions of Defendant MAX ORLANDO FERNANDEZ were malicious and oppressive under the meaning of Cal. Civ. Code § 3294, entitling the recovery of punitive as well as compensatory damages for the aforementioned harms, in addition to a multiplier of damages, a civil penalty of $25,000 and the reasonable value of attorneys' fees and costs, as authorized under Cal. Civ. Code § 52.1.

126. Accordingly, the Plaintiffs are entitled to recover punitive damages and compensatory damages.

## EIGHTH CLAIM FOR RELIEF

**Municipal Liability (*Monell*) – Unconstitutional Custom, Practices and Policies**

**(42 U.S.C. § 1983)**

**By Plaintiffs EFRAIN MORALES JR. and A.M.**

**Against Defendant COUNTY OF LOS ANGELES**

127. Plaintiff realleges and incorporates by reference each of the foregoing paragraphs of this Complaint with the same force and effect as if fully set forth herein.

128. In *Monell*, the Supreme Court held that municipalities may be held liable under § 1983 only for constitutional violations resulting from official county custom or policy. *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

129. As set forth in the foregoing claims for relief, defendant MAX ORLANDO FERNANDEZ, committed clear and well-established violations of

EFRAIN MORALES J.R. and A.M.'s constitutional rights, under color of law, and while acting within the course and scope of their employment as police officers with Defendant COUNTY OF LOS ANGELES.

130. The complete and utter failure of the Defendant COUNTY OF LOS ANGELES to redress systemic unconstitutional customs and practices and implement procedural safeguards, in all of the ways described in the paragraph to follow, is tantamount to an unconstitutional policy of inaction on account of the facts that: 1) certain unlawful customs or practices have been permitted to grow so widespread commonplace in their usage as to constitute standard operating procedures within the COUNTY; and 2) the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights set forth herein that the policymakers of the COUNTY OF LOS ANGELES can be reasonably regarded as deliberately indifferent to this need.

131. On and for some time prior to November 20, 2022, (and continuing to the present date), Defendant COUNTY, acting with reckless and deliberate indifference to the rights and liberties of the public in general, and of EFRAIN MORALES J.R. and A.M.'s and of people in their class, situation and comparable position in particular, knowingly maintained, enforced and applied an official recognized custom, policy, and practice of:

A. Permitting officers such as defendants MAX ORLANDO FERNANDEZ, inclusive, to harass, stalk, and terrorize members of the public such as EFRAIN MORALES J.R. and A.M.;
B. Permitting officers to use threats of lethal force even when such use of force is wholly uncalled for by the totality fo the circumstances;
C. Failing to correct repeated excesses of force, and to adequately train, instill, and retrain personnel on the appropriate standards thereof, de-escalation techniques, use of proper force, and acceptable behaviors towards members of the public.

D. Employing and retaining personnel, including the individual defendants, who are known or reasonably could have been discovered to have high propensities for abusing their authority, omitting crucial duties, mistreating civilians, resorting to excessive force, and failing to follow established agency policies respecting interactions with civilians and their civil rights;

E. Maintaining vastly inadequate procedures and follow through, if any, for the reporting, investigating, supervising, disciplining, and correcting of intentional misconduct and/or gross negligence by personnel, including the individual defendants;

F. Consistently ratifying the intentional misconduct and/or gross negligence of personnel, either through direct endorsements or sustained acquiescence, and thereby fostering a culture of impunity conducive to rampant misconduct and/or flagrance;

G. Encouraging, accommodating, or facilitating a "code of silence" among personnel, including the individual defendants, pursuant to which false reports are routinely generated, abuses of power covered up, and whistleblowers discouraged or ousted from law enforcement;

H. Actively facilitating the transfer of problem personnel to other stations, divisions, positions, or to other law enforcement agencies altogether, to essentially "bury," erase, dilute, hide, spread out, etc., these problem actors and their misconduct, thereby allowing them to evade discipline and, likewise, shielding the departments from accountability;

I. Allowing law enforcement personnel to encourage, intimidate, and compel others to "work in gray," or maintain a "code of silence" or "blue code," regarding unconstitutional abuses in order to collectively insulate each other from accountability, attract and recruit problematic individuals to law enforcement, and improperly or expeditiously promote problem actors into positions of supervision or authority within the department; and

J. The many other abuses of power and/or breaches of duty not specifically identified herein.

132. The structural and administrative features set forth above-regardless of whether expressly adopted, informally entrenched as *de facto* customs or practices due to their widespread and longstanding character, or having materialized in the absence of foreseeably necessary safeguards-all constitute standard operating procedures within Defendant COUNTY.

133. Clearly, defendants MAX ORLANDO FERNANDEZ, acted pursuant to the foregoing customs and practices, serving as the moving force behind EFRAIN MORALES J.R. and A.M.'s constitutional violations.

134. As a direct consequence of these realities, the public has endured pervasive misuses of force and/or police killings, lost considerable trust and grown increasingly fearful of local law enforcement, and sustained the exorbitant costs of individualized trauma, family and community destruction, and the perpetual hemorrhaging of public resources in remediation rather than prevention of these problems. In the aggregate, these consequences undermine public safety, well-being, liberty, and equity so severely that all City of Hemet residents are worse off.

135. The perpetual torrent of civilian complaints, litigation, and scrutiny by local, state, and national media, academia, and government officials, has rendered the dire state of affairs within the COUNTY police departments unignorable and undeniable. At some point well before the brutalization of EFRAIN MORALES J.R. and A.M., Defendant COUNTY, and each of the individual supervisory officials thereof, whether named or unnamed, achieved actual or constructive knowledge of the forgoing policies, customs, and practices. Nevertheless, Defendant COUNTY, by and through its final policymakers, has persisted in tolerating, condoning, or ratifying the above-referenced policies, customs, and practices with deliberate indifference to their unconstitutionality and foreseeable consequences, not least of which resemble those

suffered by EFRAIN MORALES J.R. and A.M. and other individuals similarly situated.

136. But for the sustained deliberate indifference of the Defendant COUNTY, and the final policymakers thereof, to the absence or utter inadequacy of procedural safeguards so obviously necessary to the prevention of these readily foreseeable harms, the harassment, stalking, threatening, and terrorizing of EFRAIN MORALES J.R. and A.M. would, to a reasonable certainty, not have occurred. Therefore, the above-referenced policies, customs, and practices adopted, maintained, or still tolerated by Defendant COUNTY, and the final policymakers thereof, are so inextricably connected to the unconstitutional acts and omissions of the individual Defendants as to have been the moving force behind them.

137. Accordingly, Defendant COUNTY, should not be held any less liable for the harms alleged in all other Claims for Relief, that it caused EFRAIN MORALES J.R. and A.M. through its employees, who at all times acted or failed to act pursuant to the COUNTY's own policy of inaction, as previously set forth.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs requests entry of judgment in their favor and against Defendants as follows:

A. General Damages in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

B. Non-Economic Damages in excess of the mandatory amount for jurisdiction in the Unlimited Superior Court;

C. Punitive damages as to the individual defendants;

D. Attorney's fees pursuant to State Law (CCP § 1021.5 & private attorney general doctrine);

E. Penalties under the Bane Act;

F. A multiplier of damages including treble damages pursuant to Civil Section 52;

G. For a civil penalty of $25,000 as authorized under Cal. Civ. Code § 52;

H. Interest;

I. All other remedies awarded by the Court;

J. All other damages, penalties, costs, interest, and attorneys' fees as allowed by California law;

K. For such further relief as the Court may deem proper and just.

**Dated: July 2, 2026** **LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**

By:____________________
CHRISTIAN CONTRERAS, ESQ.
Attorneys for Plaintiffs,
EFRAIN MORALES JR., et al.

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury on all claims for relief alleged herein.

**Dated: July 2, 2026** **LAW OFFICES OF CHRISTIAN CONTRERAS**
**A PROFESSIONAL LAW CORPORATION**

By:____________________
CHRISTIAN CONTRERAS, ESQ.
Attorneys for Plaintiffs,
EFRAIN MORALES JR., et al.